John Metsker, Esq.
CA SBN 268977
THE METSKER LAW FIRM
P.O. Box 590881
San Francisco, CA 94159
Phone: 866-342-6180
Fax: 415-500-4081
jmetsker@metskerlaw.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT EGWELE,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 2:26-cv-00341-AC

**STIPULATION FOR THE AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920**

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA) in the amount of FIVE THOUSAND SEVEN HUNDRED THIRTY-SEVEN DOLLARS AND EIGHTY-ONE CENTS ($5,737.81) pursuant to 28 U.S.C. § 2412(d) and costs pursuant to 28 U.S.C. § 1920 in the amount of $405.00. These amounts represent compensation for all legal services rendered and costs incurred on behalf of Plaintiff, to date, by counsel in connection with this civil action, in accordance with 28 U.S.C.

§§ 2412(d) and 1920.

Plaintiff was the prevailing party in this matter and Plaintiff is an individual whose net worth does not exceed $2,000,000 at the time the civil action was filed. The position of the Commissioner was not substantially justified and an award of fees is not unjust.

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and costs to Plaintiff's attorney. Under *Astrue v. Ratliff*, 130 S. Ct. 2521, 2528-29 (2010), EAJA fees awarded by this Court belong to the Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Any EAJA fees should therefore be awarded to Plaintiff and not to Plaintiff' s attorney. Fees can be made payable by check or electronic funds transfer (EFT).

If, after receiving the Court' s EAJA fee order, the Commissioner (1) determines that Plaintiff has assigned his right to EAJA fees to his attorney; and (2) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, the EAJA fees and costs will be made payable to Plaintiff's attorney, John Metsker. However, if there is a debt owed under the Treasury Offset Program, the remaining EAJA fees and costs after offset will be paid by a check or EFT made out to Plaintiff, but delivered to Plaintiff' s attorney, John Metsker.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of

Defendant under the EAJA or otherwise. Payment of the agreed amounts shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees, costs, and expenses in connection with this action.

The parties further agree that the EAJA award is without prejudice to the right of Plaintiff's attorney to seek attorney fees pursuant to Social Security Act § 206(b), 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA. See 28 U.S.C. § 2412(c)(1) (2006).

Respectfully submitted,

Dated: August 5, 2026 By: */s/ John David Metsker*[1]
JOHN DAVID METSKER
Attorney for Plaintiff

Dated: August 5, 2026 By: */s/ Lindsay Beyer Payne**
LINDSAY BEYER PAYNE
**As authorized via email on August 5, 2026*
Special Assistant United States Attorney
Attorney for Defendant

/////
/////
/////
/////
/////
/////
/////
/////
/////
/////

[1] The filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's contents and have authorized the filing.

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

DATE: August 6, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE